# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ELLEN GUERRERO,**

               **Plaintiff,**

**-vs-**                                           **Case No.  6:06-cv-1469-Orl-19KRS**

**TOTAL TEAMWARES, INC.,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT NOTICE OF FILING AND JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGEMENT (Doc. No. 35)**
>
> **FILED:**     **July 25, 2007**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This case was brought by Plaintiff Ellen Guerrero under the Fair Labor Standards Act (FLSA), as a collective action. 29 U.S.C. § 201, *et seq.* Doc. No. 1. Plaintiff Mary Ann J. Milazzo filed a consent to join. Doc. No. 28. No other persons have joined as plaintiffs.

    The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised

when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the joint motion for approval of the settlement agreement, doc. no. 35, and the settlement agreement submitted by the parties, doc. no. 35-2, the parties provide a summary of settlement negotiations and describe the factors which caused the plaintiffs to lower their demands. After depositions were taken and payroll records, time sheets, and time cards were reviewed, the plaintiffs calculated the amount of compensation they were due, which resulted in a significant reduction in Guerrero's initial damages estimate and provided support for damages due to Milazzo. The plaintiffs' demands were further reduced in consideration of the defendant's counterclaim alleging that the plaintiffs intentionally misled the defendant regarding the number of hours they had worked. In reviewing the settlement negotiations, I find that the settlement is a reasonable compromise of disputed issues and not a waiver of the plaintiffs' statutory rights. The proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

Accordingly, I respectfully recommend that the Court do the following:

(1) dismiss the collective action allegations in the complaint;

(2) approve the settlement agreement submitted with the joint motion, doc. no. 35-2, as to Guerrero and Milazzo only,

(3) dismiss the case with prejudice; and

        (4)    direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 24, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy